Ramage v. Barr

BIA
Segal, IJ
A094 380 979

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

EVERARD JOE RAMAGE, AKA EVERAND RAMAGE, AKA EVERAD RAMAGE,
> *Petitioner,*

v.                                                        17-3306
                                                          NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Cindy S. Ferrier,
                         Assistant Director; Sunah Lee,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Everard Joe Ramage, a native and citizen of Saint Vincent and the Grenadines, seeks review of a September 15, 2017, decision of the BIA affirming a December 29, 2016, decision of an Immigration Judge ("IJ") denying Ramage's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Everard Joe Ramage,* No. A 094 380 979 (B.I.A. Sept. 15, 2017), *aff'g* No. A 094 380 979 (Immig. Ct. N.Y. City Dec. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an alien may establish eligibility for withholding of removal or CAT relief by

demonstrating a likelihood of future persecution or torture. *See* 8 C.F.R. § 1208.16(b)(2), (c)(2). Persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). Economic harm "constitutes persecution if it (1) deprives the victim of liberty, food, housing, employment or other essentials of life, or (2) deliberately imposes a severe economic disadvantage." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (internal quotation marks omitted). "[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution," *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006), and is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted [for certain purposes]," *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1)). Ramage failed to establish a likelihood that he will be persecuted or tortured in St. Vincent and the Grenadines based on his medical condition.

3

The agency reasonably concluded that the record established that Ramage might face discrimination in St. Vincent and the Grenadines, but that such discrimination would not rise to the level of persecution, either physical or economic, or torture. *See Ivanishvili*, 433 F.3d at 341; *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); *Kyaw Zwar Tun*, 445 F.3d at 567. The agency also reasonably found that, although access to medical care may be more limited than in the United States, the record did not reflect that individuals similarly situated to Ramage are deprived of or denied medical care. Further, because the record does not include specific examples of employment discrimination or deprivation of medical care in St. Vincent and the Grenadines, but rather provides that the government and private sector are working to reduce health-related stigmas, that the government plans to enact anti-discrimination legislation, and that most people similarly situated to Ramage receive free medication, Ramage's claim that he would likely be persecuted and tortured in St. Vincent and the Grenadines is speculative. *See Jian*

4

*Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best").

Accordingly, the agency did not err in finding that Ramage failed to demonstrate a likelihood of persecution or torture as required for withholding of removal and CAT relief. *See* 8 C.F.R. § 1208.16(b)(2), (c)(2).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5